IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA RUCKER, | |
| **Plaintiff,** | |
| v. | Case No. 23-CV-00868-SPM |
| MONSANTO COMPANY, et al., | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case is before the Court on the Plaintiff's Motion to Remand (Doc. 44). This case was originally filed in Illinois state court in St. Clair County. (Doc. 1-2). On March 16, 2023, Pfizer, Inc., Solutia Inc., and Eastman Chemical ("Removing Defendants") filed a Notice of Removal (Doc. 1) in this Court alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) ("Section 1442"). (Doc. 1, p. 1). On April 14, 2023, Plaintiff filed the Motion to Remand (Doc. 44) that is now before this Court. For the following reasons, Plaintiff's Motion to Remand (Doc. 44) is GRANTED.

BACKGROUND

Plaintiff's complaint (Doc. 1-2) alleged that Defendants' facilities in Sauget, Illinois and elsewhere in St. Clair County, Illinois stored or disposed of toxic materials improperly which caused the release of such toxic materials into the environment. (*See* Doc. 1-2, p. 7-12). Plaintiff alleged that from 1935 to present Defendants have released, among other things, Benzene, PCBs, chlorobenzene, toluene, phenol, dioxin,

organic solvents, cadmium, silver, selenium, xylene, and zinc which created a toxic plume under Sauget extending into East St. Louis, Illinois. (*See Id.* at 10). Plaintiff further alleged that exposure to the released chemicals is associated with the development of multiple myeloma and colon cancer, among other diseases, and that she was exposed to such chemicals while living and working around Defendants' facilities. *(See Id.* at 12). Plaintiff particularly disavowed any claim based on exposure to Agent Orange or any dioxin cause or contributed to by Agent Orange. (Doc. 44, p. 1).

Removing Defendants argued that removal was proper based on Federal Officer Removal pursuant to Section 1442. (Doc. 1, p. 3). Removing Defendants contend that Old Monsanto's production of Agent Orange for the government satisfies the factors of Section 1442 allowing this Court to exercise jurisdiction. (*See Id.* at 3-7). Removing Defendants further argued that dioxin is a contaminant in Agent Orange and that because Agent Orange was produced for the government according to its specifications Old Monsanto was acting under color of law. (*See Id.* at 3-6). Removing Defendants alleged that the facts of this case give rise to the government contractor defense. (*Id.* at 6-7).

ANALYSIS

Section 1442 allows for removal of "[a] civil action . . . that is commenced in State court" when "[t]he United States or any agency thereof or any officer (or any person" is being sued in "an official or individual capacity, for or relating to any act under color of such office[.]" "Section 1442 permits the removal of the entire case even when only one of the controversies in the case involves a federal officer or agency."

*Custer v. Cerro Flow Products, Inc.*, 2009 WL 5033931, at *3 (S.D. Ill. Dec. 15, 2009) (citing *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 844 (S.D. Ill 2006)). Section 1442 is intended to allow federal officials a forum in which to raise defenses resulting from their official duties. *See Wisconsin v. Schaffer*, 565 F.2d 961,964 (7th Cir. 1977).

For removal to be proper, a Defendant must meet a four-part test: "(1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense." *Betzner v. Boeing Company*, 910 F.3d 1010, 1015 (7th Cir. 2018). The removing party bears the burden of proving each element, otherwise remand is required. *Custer*, 2009 WL 5033931, at *4 (citing *Alsup*, 435 F.Supp.2d at 845).

This Court first turns to determining if Removing Defendants have met their burden of demonstrating a colorable federal defense. The first federal defense Removing Defendants alleged in their Notice of Removal (Doc.1) is the government contractor defense. (*See* Doc. 1, p. 6-7). The government contractor "defense applies where (1) the federal government approved reasonably precise specifications, (2) the manufactured equipment conformed to the government's specifications, and (3) the contractor warned the federal government about the equipment's dangers that were unknown to the government." *Betzner*, 910 F.3d at 1016. "[T]he defense is available when complying with the contracted specifications by the government prevent the defendants from complying with state law." *Custer*, 2009 WL 5033931, at *4 (citing *Boyle v. United Technologies Corp.*, 487 U.S. 500, 509 (1988)). However, the defense does not apply "[w]here a defect is merely an instance of shoddy workmanship, it

implicates no federal interest." *Harduvel v. General Dynamics Corp.*, 878 F.2d 1311, 1317 (11th Cir. 1989).

There is little doubt that the government provided precise specifications for production of Agent Orange and that Agent Orange was provided to the government in accord with those specifications. However, the specifications provided were for the *manufacture and production* of Agent Orange. Removing Defendants have offered no evidence or argument that the government in any way directed Old Monsanto to store any of the chemicals associated with the manufacture or production of Agent Orange in the manner which Old Monsanto chose to. As this Court has found before, "[t]he federal government did not direct the Defendants to store leaking PCB transformers, spill, incompletely incinerate, improperly burn, discharge into various water ways, or improperly dispose of Agent Orange." *Custer*, 2009 WL 5033931, at *6. Further, not only have Removing Defendants failed to show any government requirement that chemicals from Agent Orange be disposed of in the way they were but, Removing Defendants have also failed to show any government contract that would have prevented Old Monsanto from handling and disposing of the chemicals with care.

The second federal defense Removing Defendants alleged in their Notice of Removal is 50 U.S.C.A. § 4557 (formerly 50 U.S.C. § 2157) which is commonly referred to as the Defense Production Act. The Defense Production Act provides that "[n]o person shall be held liable for damages or penalties for any act resulting directly from compliance with a rule, regulation, or order issues pursuant to this chapter." 50 U.S.C.A. § 4557. However, Removing Defendants point to no "rule, regulation, or order" that required Old Monsanto to excessively release toxic chemicals, including

but not limited to benzene, PCBs, and TCE as the Plaintiff alleged in her complaint. Further, this Court is unaware of any "rule, regulation, or order" that would have required Old Monsanto to do so.

Therefore, the relevant conduct here is not the manufacture and production of Agent Orange, which there may exist a colorable federal defense related to. Rather, the relevant conduct is Defendants' alleged failure to take precautions to prevent excessive release of a multitude of toxic chemicals many of which were not associated with Agent Orange. This in addition to the Plaintiff disavowing any claim caused or contributed to by Agent Orange results in this Court finding that no colorable federal defense exists in this case and thus federal officer removal was improper.

## Conclusion

For the reasons stated above, this Court does not have jurisdiction over this action. Plaintiff's Motion to Remand (Doc. 44) is GRANTED. This action is REMANDED to the Circuit Court of the Twentieth Judicial Circuit in St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED:** May 17, 2023

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**